Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| GLOBAL INVESTMENT STRATEGY UK LIMITED<br><br>Recurrida<br><br>v.<br><br>FALCON FINANCIAL, LLC, STAN BODZICK<br><br>Peticionaria | TA2026CE00710 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJ2025CV01756<br><br>Sobre:<br>Exequátur, Artículo 19.50 de la Ley de Corporaciones |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Mateu Meléndez, Jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de junio de 2026.

El 3 de junio de 2026, el señor Stan Bodzick (en adelante, Bodzick o parte peticionaria) compareció ante este Tribunal de Apelaciones mediante *Recurso de certiorari*. En este, nos solicitó la revisión y revocación de la *Resolución Interlocutoria* emitida y notificada el 6 de mayo de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario). Mediante el aludido dictamen, se dispuso No ha lugar a la *Moción de Reconsideración* instada por la parte peticionaria frente a la denegatoria de la *Moción de Relevo de Resolución al amparo de la Regla 49.2 de Procedimiento Civil* presentada por este.

Por los fundamentos expuestos a continuación, en virtud del derecho aplicable que más adelante consignamos, resolvemos expedir el auto de *certiorari* y confirmar la disposición recurrida.

**-I-**

A continuación, exponemos los hechos más importantes relacionados a la controversia traída ante nuestra atención por la parte peticionaria.

El 4 de marzo de 2025, Global Investment Strategy UK Limited (Global Investment o parte recurrida) presentó una *Petición de Exequátur* para que el TPI convalidara una *Sentencia* emitida en el Reino Unido el 19 de diciembre de 2024, por el *County Court at Central London*, en el caso *Global Investment Strategy UK Limited*, *Claimant v. Falcon Financial LLC, Defendant*.[1] En virtud del referido dictamen, se condenó a Falcon Financial LLC (Falcon Financial) a satisfacer una cuantía monetaria de libras esterlinas por concepto de daños y costas a Global Investment.[2] Es menester señalar que, además, en su petición, Global Investment incluyó alegaciones contra el señor Bodzick, presidente y agente residente de Falcon.

Sobre este particular, se planteó que el peticionario, como miembro de Falcon, era responsable en su carácter personal porque recibió una distribución en violación al Artículo 19.50 (A) de la *Ley General de Corporaciones*, Ley Núm. 164-2009 (14 LPRA sec. 3501 *et seq*.), con el propósito de evadir las responsabilidades de dicha entidad para con Global Investment.

---

[1] Véase, SUMAC TPI, Entrada Núm. 1.

[2] *Íd.*, Entrada Núm. 2. La *Sentencia* extranjera objeto de la controversia establece lo siguiente:

> Before District Judge Rippon sitting at the County Court at Central London, Thomas More Building, Royal Courts Of Justice, Strand, London, WC2A 2LL.
>
> UPON hearing Mr. Levy, counsel for the Claimant, the Defendant not attending and not being represented
>
> AND UPON the Claimant's application for judgment in default of an acknowledgement of service
>
> AND UPON the court being given certificates of service of the claim on the Defendant pursuant to the permission given of HHJ Dight CBE to serve out of the jurisdiction
>
> AND UPON the court noting that from the court electronic file no acknowledgment of service or defence had been received from the Defendant IT
>
> **IS ORDERED THAT:**
> 1. Judgment for the Claimant.
> 2. The Defendant to pay the Claimant damages in the amount of £200,000.
> 3. The Defendant to pay the Claimant's costs of these proceedings summarily assessed at £12,703 (being £10,000 issue fee, £303 application fee and £2,400 in legal costs).

Posteriormente, el 24 de junio de 2025, el TPI emitió *Resolución* en la que convalidó la *Sentencia* extranjera objeto de la controversia en contra de Falcon, para que así fuera ejecutada en la jurisdicción de Puerto Rico. No obstante, el TPI razonó que:

> Toda vez que la Sentencia cuya validez aquí se convalida se dictó el 19 de diciembre de 2024 fecha muy posterior a la disolución de Falcon Financial, LLC el 4 de diciembre de 2023 - y toda vez que bajo dicho procedimiento no se incluyó como parte al Sr. Stan Bodzick, y tampoco se solicitó enmendar la referida Sentencia para incluirle como parte, este Tribunal está impedido de modificar la referida Sentencia bajo el procedimiento de Exequátur.[3] (énfasis omitido)

Conforme surge del expediente, tras la denegatoria a la reconsideración parcial instada por Global Investment,[4] este último acudió ante este Foro Intermedio en el *Recurso de Apelación* con el alfanumérico TA2025AP0564. Así pues, en virtud de la *Sentencia* emitida en dicho recurso con fecha del 16 de enero de 2026, se modificó la *Resolución* recurrida, confirmando así la convalidación de la *Sentencia* dictada en el Reino Unido el 19 de diciembre de 2024, por el *County Court at Central London*, en el caso *Global Investment Strategy UK Limited, Claimant v. Falcon Financial LLC, Defendant*. No obstante, se retornó el caso ante la consideración del TPI, para la celebración de una vista evidenciaria para dirimir la reclamación de Global Investment contra el señor Bodzick, al palio de la Ley Núm. 164-2009, *supra*.[5]

Ahora bien, el 5 de marzo de 2026, el señor Bodzick, sin someterse a la jurisdicción del Tribunal, instó *Moción de Relevo de Resolución al amparo de la Regla 49.2 de Procedimiento Civil*.[6] Allí, solicitó la nulidad de la *Resolución*

---

[3] *Íd.,* Entrada Núm. 16. Notificada el 25 de junio de 2025.

[4] *Íd.,* Entradas Núms. 18-19.

[5] *Íd.,* Entrada Núm. 30. Cabe señalar, la *Carta de Trámite sobre Mandato* se registró el 14 de abril de 2026. Véase, *Íd.,* Entrada Núm. 36.

[6] *Íd.,* Entrada Núm. 31. El peticionario presentó junto con su solicitud los siguientes anejos: Declaración jurada; Contrato; Carta terminación; Orden SEC contra Global; Orden SEC contra John Gunn; Correo electrónico 18 de abril de 2022; Solicitud de cierre cuenta Banaco Popular; Carta Global a Falcon; Carta de Global a Falcon donde incluye nuevamente Contrato-"Professional Clients and Eligible Counterparty Agreement"; Correo electrónico de John Gunn; Disolución; Demanda Global; Intento de emplazamiento; Solicitud de Sentencia en Rebeldía; Sentencia 19 de diciembre de 2024.

emitida el 24 de junio de 2025, en la que se convalidó la *Sentencia* extranjera. Con tal fin, alegó falta de jurisdicción del tribunal extranjero, violación del debido proceso, y conducta impropia y de mala fe por parte de Global Investment. Arguyó, también que, en enero de 2021, las partes suscribieron el contrato *Professional Clients and Eligible Counterparty Agreement* (Contrato), el cual contiene una cláusula arbitral obligatoria en la sección 28.2.[7]

En esa dirección, el peticionario planteó que la sentencia emitida por el *County Court at Central London*, era nula *ab initio*, al haberse emitido sin jurisdicción sobre la materia o asunto, y no ser este el foro competente. Insistió que, según lo acordado en el Contrato, cualquier disputa y controversia que surgiera sobre o en conexión con los términos de dicho acuerdo, tendría que ser referido y finalmente resuelto por arbitraje de conformidad con las Reglas de Arbitraje de la Corte de Arbitraje Internacional de Londres. Finalmente, razonó que no se cumple con los requisitos de la Regla 55.5 de Procedimiento Civil, 32 LPRA Ap. V., R. 55.5, para la convalidación de una sentencia extranjera.

Habida cuenta de ello, el TPI emitió una *Orden* el 17 de marzo de 2026, en la que declaró:

> Nada que proveer. Véase Sentencia emitida por el Tribunal de Apelaciones el 16 de enero de 2026, en el caso TA2025AP0564; mediante la cual se modifica nuestra Resolución del 24 de junio de 2025; precisamente, para aclarar el reclamo que ahora nos presenta el Sr. Bodzick. Así las cosas, este Tribunal le invita a re-leer nuestra determinación del 24 de junio de 2025.[8]

---

[7] Según el Contrato anejado a la moción, en la sección 28.2 se declara:

> All disputes and controversies arising out of, or in connection with, these Terms or Transactions hereunder, shall be referred to and finally resolved by arbitration in accordance with the Arbitration Rules of the London Court of International Arbitration as in force and effect on the date hereof which are deemed to be incorporated by reference into this Section. There shall be three arbitrators, one arbitrator shall be appointed by GIS, one arbitrator shall be appointed by you, and the third arbitrator shall be appointed in accordance with the Arbitration Rules of the London Court of International Arbitration. The place of arbitration shall be London, England, and the English language shall be used throughout the arbitral proceedings.

[8] *Íd.*, Entrada Núm. 32. Notificada el 18 de marzo de 2026.

Inconforme, el 1 de abril de 2026, el señor Bodzick instó *Moción de Reconsideración*.[9] En su escrito, reiteró los planteamientos esbozados en su moción de relevo de resolución en cuanto a que Global Investment nunca informó al Tribunal de Londres sobre la cláusula arbitral que los obliga conforme al acuerdo suscrito por las partes. Además, argumentó que debía relevarse aun a Falcon Financial, por ser dicha sentencia nula e inexistente. Así pues, la parte peticionaria enfatizó que la *Resolución* del 24 de junio de 2025, no procedía en derecho, por no cumplir con las disposiciones y requisitos de un recurso de exequátur, en particular, por la falta de jurisdicción sobre la persona y materia, y la falta de competencia del foro adjudicador.

Ese día, el foro primario emitió *Orden* en la que expresó que, estimaba que el remedio solicitado por el peticionario debió presentarse como una "Solicitud de Relevo de Sentencia" ante el Tribunal extranjero.[10] No obstante, le concedió término a Global Investment para presentar posición.

Así pues, el 13 de abril de 2026, Global Investment instó *Moción en cumplimiento de Orden y en Solicitud de señalamiento de celebración de vista evidenciaria*, en la cual esgrimió que el señor Bodzick pretendía litigar defensas que voluntariamente omitió presentar ante el tribunal extranjero.[11] Conviene destacar que, la parte recurrida disputó que el *County Court at Central London* tenía plena jurisdicción sobre la controversia conforme a lo pactado entre las partes, en virtud de las cláusulas 28.2 y 28.3 del Contrato. En particular, según Global, allí se pactó lo siguiente:

> 28.2 Except as set out in clause 28.3, all disputes and claims arising out of, or in connection with, these Terms or Transactions hereunder, shall be referred to and finally resolved by arbitration in accordance with the Arbitration Rules of the London Court of International Arbitration as in force and effect on the date hereof which are deemed to be incorporated by reference into this Section. There shall be three arbitrators, one arbitrator shall be appointed by

---

[9] *Íd.,* Entrada Núm. 33.
[10] *Íd.,* Entrada Núm. 34.
[11] *Íd.,* Entrada Núm. 35.

GIS, one arbitrator shall be appointed by you, and the third arbitrator shall be appointed in accordance with the Arbitration Rules of the London Court of International Arbitration. The place of arbitration shall be London, England, and the English language shall be used throughout the arbitral proceedings.

28.3 <u>Clause 28.2 does not apply to actual or potential disputes or claims against you by us relating to any past, present or future debt which we claim is owed to us by you (whether or not such alleged debt is admitted or disputed by you), in respect of which each of us irrevocably agrees that the Courts of England and Wales will have exclusive jurisdiction to settle any such dispute or claim (including non-contractual disputes or claims) arising out of or in connection with such alleged debt</u>.[12] (énfasis nuestro)

De manera que, formuló que en virtud de la cláusula 28.3 del Contrato, se excluía expresamente las disputas sobre deudas de la cláusula arbitral de la sección 28.2. Así, Global Investment aclaró que el caso L01CL422 ante el *County Court at Central London* versó sobre una deuda, por lo que el foro adjudicador tenía plena jurisdicción sobre la materia conforme al acuerdo entre las partes. Por lo cual, la parte recurrida solicitó al TPI que declarara no ha lugar la moción de relevo presentada por el señor Bodzick y que señalara vista evidenciaria para adjudicar la reclamación en su contra al amparo de la Ley General de Corporaciones, *supra*.

En respuesta, el 14 de abril de 2026, la parte peticionaria presentó réplica a la moción instada por Global Investment, en la que planteó que la sentencia emitida por el Tribunal de Londres fue una obtenida mediante fraude. Sobre este particular, aseveró que la cláusula 28.3 del contrato enviado por Global Investment a Falcon Financial en noviembre de 2022, no lee igual a la cláusula sometida en el caso L01CL422 dilucidado en el extranjero.[13]

---

[12] Nótese, en la *Moción de Relevo de Resolución al amparo de la Regla 49.2 de Procedimiento Civil* instada por el señor Bodzick, el 5 de marzo de 2026, el Contrato que se presentó como anejo, no presenta el mismo contenido en las cláusulas referidas. En específico, se excluye lo dispuesto en el 28.3. Ahora bien, la cita antes formulada corresponde al anejo oficial, certificado como copia fiel y exacta del Contrato suscrito por las partes, en el caso L01CL422 ante el *County Court at Central London*.

[13] SUMAC TPI, Entrada Núm. 37. El señor Bodzick alegó que, la cláusula 28.3 del Contrato enviado por Global en noviembre de 2022, reza: "28.3 Where you do not have a permanent place of business in England, you agree to appoint and keep appointed an agent for the service of process and to notify us of the identity of such agent".

Ulteriormente, tras múltiples instancias procesales no pertinentes a la controversia del recurso de epígrafe, el 6 de mayo de 2026, el peticionario instó *Moción para que se resuelva nuestra moción de reconsideración*.[14] Allí, señaló al TPI que, a pesar de haber emitido múltiples órdenes, no se había expresado en torno a la moción de reconsideración presentada el 1 de abril de 2026. Acto seguido, en el mismo día, el foro primario emitió *Resolución Interlocutoria* en la que declaró No ha Lugar la moción de reconsideración presentada por el señor Bodzick.[15] Explicó, "los argumentos allí presentados los debió levantar oportunamente ante el Tribunal de Londres; so pena de que se consideraran renunciados bajo el procedimiento radicado ante dicho foro".

Inconforme aun, el peticionario sometió el recurso de epígrafe y señaló la comisión de los siguientes errores:

> **Primer Error**: Erró el Honorable Tribunal de Primera Instancia al denegar nuestra "Moción de Relevo de Resolución al Amparo de la Regla 49.2 de Procedimiento Civil".

> **Segundo Error**: Erró el Honorable Tribunal de Primera Instancia al declarar NO HA LUGAR nuestra "Moción de Reconsideración" y determinar que los argumentos allí presentados los debió levantar oportunamente ante el Tribunal de Londres; so pena de que se consideraran renunciados bajo el procedimiento radicado ante dicho foro.

El 15 de junio de este año, la parte recurrida presentó *Oposición a Expedición de Recurso de Certiorari.* Con el beneficio de la comparecencia de las partes, damos por sometido el asunto y procedemos a atender el recurso, no sin antes exponer la normativa vigente aplicable a la controversia.

**-II-**

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *Rivera*

---

[14] *Íd.,* Entrada Núm. 45.
[15] *Íd.,* Entrada Núm. 46.

*et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023) al citar a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*. Ahora bien, en los procesos civiles, la expedición del recurso discreción de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V R 52.1. *Allio v. Santiago Chardon,* 2026 TSPR 13, 217 DPR ___ que establece que este se expedirá cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.[16]

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[17] Estos criterios, pautan el ejercicio sabio y prudente

---

[16] Además, y a modo de excepción, podremos revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

[17] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del

de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

Nuestro Más Alto foro ha establecido que como regla general no se interferirá con las facultades discrecionales de los foros primarios, excepto en aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.*, *supra*, a la pág. 210 y casos allí citados. En lo pertinente, se ha definido la discreción judicial como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Íd.*¸ al citar a *Bco. Popular de PR v. Mun. de Aguadilla*, 144 DPR 651, 657-658 (1997). Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del Derecho. *Íd.*

*B.*

De otra parte, la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V R. 49.2, autoriza al Tribunal a relevar a una parte de una sentencia, orden o procedimiento por varios fundamentos: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48; (c) fraude, falsa representación u otra conducta impropia de una parte adversa; (d) nulidad de la sentencia; (e) la sentencia ha sido satisfecha o renunciada; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

El Tribunal Supremo de Puerto Rico ha expresado que, al momento de evaluar la procedencia de una solicitud de relevo de sentencia, también

---

litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.  Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re. Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025).

se debe evaluar si el peticionario tiene una buena defensa en sus méritos; el tiempo que media entre la sentencia y la solicitud del relevo; y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia. *Reyes v. ELA et al.*, 155 DPR 799, 810 (2001).

A pesar de que la Regla 49.2 de Procedimiento Civil, *supra*, se interpreta liberalmente, el Tribunal Supremo ha advertido que esta no constituye una "llave maestra" para reabrir controversias y no debe ser utilizada en sustitución de un recurso de revisión o una moción de reconsideración. *Vázquez v. López*, 160 DPR 714, 726 (2003). La determinación de conceder el relevo de una sentencia está confiada a la discreción del Tribunal de Primera Instancia. *Garriga Gordils v. Maldonado Colón,* 109 DPR 817, 822 (1980); *Fine Art Wallpaper v. Wolff*, 102 DPR 451, 458 (1974).

Por otro lado, el Tribunal Supremo de Puerto Rico ha señalado que la moción de relevo de sentencia no está disponible para corregir errores de derecho, ni errores de apreciación o valoración de la prueba.  Estos son fundamentos para la reconsideración o la apelación del dictamen, pero no para el relevo. *García Colón et al. v. Sucn. González*, 178 DPR 527, 542-543 (2010).

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha resuelto que el término de seis (6) meses para la presentación de la moción de relevo de sentencia es fatal. *Íd.*, a la pág. 543. En consecuencia, la Regla 49.2, *supra*, es categórica en cuanto a que la moción de relevo debe presentarse dentro de un término razonable pero que "en ningún caso exceda los seis meses [...]." *Íd.* Ahora bien, dicho plazo es inaplicable cuando se trata de una sentencia nula. *Náter v. Ramos*, 162 DPR 616, 625 (2004).

Por último, cabe destacar que, **al revisar la solicitud de relevo de sentencia, el tribunal no dilucida los derechos de las partes ni las**

**controversias jurídicas de la demanda, solamente debe resolver si la parte promovente satisface los requisitos estatutarios y jurisprudenciales para el relevo de sentencia.  Por lo tanto, la revisión en alzada versa sobre la facultad discrecional del juez de instancia al conceder o denegar la solicitud post sentencia**. *Ortiz v. U. Carbide Grafito, Inc.*, 148 DPR 860, 865 (1999).

### -III-

Antes de entrar en los méritos del caso de autos, debemos establecer que, la controversia de autos es revisable mediante tal auto discrecional, por tratarse de la revisión judicial de una determinación interlocutoria dictada post sentencia.[18] Dicho esto, atendemos el recurso de epígrafe, mediante el cual el señor Bodzick señala que la sentencia dictada por el *County Court at Central London* en el caso L01CL422, el 19 de diciembre de 2024, en contra de Falcon Financial, fue una obtenida bajo fraude. Insiste en que, la parte recurrida realizó una modificación coordinada de la cláusula 28 del contrato para fabricar una base jurisdiccional que le permitiera eludir el arbitraje. En esa dirección, el peticionario nos plantea que la *Sentencia* extranjera que se convalidó mediante la *Resolución* del 24 de junio de 2025, no cumple con varios de los criterios de la Regla 55.5 de Procedimiento Civil, *supra*, para su convalidación, esto es, que la misma haya sido emitida por un Tribunal con jurisdicción sobre la materia y/o que la misma fue emitida mediante fraude.

Por su parte, en su oposición, Global Investment argumenta que la controversia planteada por el señor Bodzick, sobre la versión contractual aplicable, la cláusula de arbitraje y la falta de jurisdicción, está precluida por la doctrina de cosa juzgada ya que es una defensa que Falcon Financial debió presentar ante el *County Court at Central London*. La parte recurrida aduce que, permitir que el peticionario litigue esas defensas, transformaría

---

[18] *Banco Popular de Puerto Rico v. Gomez Ayalón*, 213 DPR 314 (2023).

el curso del caso en una revisión de los méritos de la *Sentencia* extranjera, contrario a la naturaleza limitada del procedimiento de exequátur.

Evaluada la petición de *certiorari*, así como la correspondiente oposición sometida por Global Investment, bajo los criterios que la Regla 40 de nuestro Reglamento establece para el análisis del auto de *certiorari*, tal cual adelantamos, estimamos que la decisión recurrida debe ser sostenida.

La revisión de los documentos que obran en el expediente ante nuestra consideración revela que al atender el relevo de *Resolución* presentado por el señor Bodzick, el foro primario dictó una orden mediante la cual resolvió que no había nada que proveer. También, le invitó a revisar la *Sentencia* dictada por este Tribunal de Apelaciones el 16 de enero de 2026 en el caso TA2025AP0564 mediante la cual se modificó la *Resolución* cuyo relevo solicita. Posteriormente, y frente a la correspondiente petición de reconsideración de la parte peticionaria, el TPI dictó *Orden* que consignó que a pesar de entender que el remedio que dicha parte solicita debió presentarse como una "Solicitud de Relevo de Sentencia" ante el Tribunal extranjero, concedió término a Global para expresarse. Es entonces, luego de contar con la posición de la parte recurrida que declaró No Ha Lugar la reconsideración solicitada. Como ya consignamos, al así hacer, reiteró que "los argumentos allí presentados los debió levantar oportunamente ante el Tribunal de Londres; so pena de que se consideraran renunciados bajo el procedimiento radicado ante dicho foro". No encontramos que esta determinación, sea contraria a derecho.

La mera alegación de fraude no es suficiente para evitar que se convalide una sentencia de otra jurisdicción. De igual manera, alegar fraude en oposición al exequátur **no subsana la omisión de utilizar los mecanismos procesales disponibles en la jurisdicción foránea** ni es una alternativa para relitigar el caso en sus méritos. O sea, la Regla 55.5 de Procedimiento Civil, *supra,* no da espacio a que se alegue fraude como

subterfugio para que se revisen las determinaciones del foro de otra jurisdicción o presentar evidencia que debió presentarse en el procedimiento original. Véase, *Colón Vega v. Díaz Lebrón*, 211 DPR 548, 566 (2023).

Por tanto, y en consideración a lo antes citado, resolvemos que la *Resolución Interlocutoria* recurrida fue correcta en derecho y merece nuestro respeto. Corresponde entonces, que el TPI dé cumplimiento al mandato contenido en la *Sentencia* que este Tribunal de Apelaciones dictó el 16 de enero de 2026 y celebre la correspondiente vista evidenciaria para dirimir la reclamación de Global contra el señor Bodzick.

-IV-

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* y confirmamos la *Resolución Interlocutoria* recurrida. Así las cosas, se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos, conforme lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones